## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:     ANGELA ZEISS

     Debtor(s).                     Case No. 3:18-bk-00880-JAF
                                      Chapter 7

_____/

ANGELA ZEISS

         Plaintiff                     Adv. No. 3:19-ap-
  v.

COMCAST CABLE COMMUNICATIONS, LLC;
ENHANCED RECOVERY COMPANY, LLC

         Defendant(s).

_____/

## COMPLAINT

ANGELA ZEISS ("Ms. Zeiss" or "Plaintiff") sues COMCAST CABLE COMMUNICATIONS, LLC ("COMCAST") and ENHANCED RECOVERY COMPANY, LLC ("ERC") (collectively "Defendants") and states:

## INTRODUCTION

1.     This is an action filed by Plaintiff(s) seeking:

     a.  a declaratory judgment, injunctive relief, actual damages, attorney's fees, and punitive damages pursuant to 11 U.S.C. §§ 105, 524 and 727 of the Bankruptcy Code for COMCAST's violations of the discharge injunction and COMCAST's violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA"); and

     b.  a declaratory judgment, injunctive relief, actual damages, and attorney's

1

fees pursuant to 11 U.S.C. §§ 105, 524 and 727 for ERC's violations the discharge injunction and ERC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as the "FDCPA") and ERC's violations of the FCCPA.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns violations of the discharge injunction entered in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

6.      The Plaintiff in this case is the Debtor under Chapter 7 of Title 11 of the United States Code in case number Case No. 3:18-bk-00880-JAF (the "Main Case").

7.      The Defendant, COMCAST, is a creditor of Debtor.

8.      The Defendant, ERC, is a debt collector.

## FACTUAL ALLEGATIONS

9.      On March 22, 2018, Debtor filed the Main Case as a Chapter 7 case.

10.    Plaintiff filed her Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting her in collection efforts; (ii) from the Bankruptcy Court an order of discharge pursuant to 11 U.S.C. § 727; and (iii) a financial "fresh start".

11.    As required by the Bankruptcy Code, Plaintiff filed her schedules, lists, and statements in her Bankruptcy Case. Included in the Schedule F list of unsecured creditors was a debt in the amount of $311 with notice to:

> Credit Management, LP
> Attn: Bankruptcy
> PO Box 118288
> Carrollton, TX 75011
>
> And additional notice to:
>
> Comcast
> 4600 Touchton Road E.
> Suite 2500
> Jacksonville, FL 32246

12.    The relevant pages from Plaintiff's Schedule F are attached as Exhibit 1.

13.    On or about March 25, 2018, COMCAST received written notice of the Bankruptcy Case. *See* Bankruptcy Noticing Center ("BNC") Certificate of Notice attached as Exhibit 2. COMCAST elected to receive bankruptcy notifications via e-mail or text and received such notification regarding Plaintiff's bankruptcy case at its self-designated electronic address: CENBSR_Bankruptcy@cable.comcast.com. *See* Exhibit 2.

14.    On or about March 25, 2018, ERC received written notice of the Bankruptcy Case. *See* Exhibit 2. ERC elected to receive bankruptcy notifications via e-mail or text and received such notification regarding Plaintiff's bankruptcy case at its self-designated electronic address: bknotice@ercbpo.com. *See* Exhibit 2.

15.     On July 3, 2018, the Bankruptcy Court entered an order granting the Plaintiff a discharge under 11 U.S.C. § 727. The discharge prohibits any action to collect discharged debt. *See* 11 U.S.C. § 524(a)(2). A copy of the Discharge Order is attached as Exhibit 3.

16.     On or about July 5, 2018, Defendants received written notice of the discharge through the bankruptcy noticing center (*See* Doc. 15 in the Main Case).

17.     In contravention of the discharge injunction, COMCAST sold or referred the discharged account to ERC for the purpose of colleting the discharged debt.

18.     Upon information and belief, COMCAST may have a policy of selling or referring debts to ERC or other third parties for the purpose of collection without any safeguards to avoid selling or referring discharged debt and thereby regularly violates the bankruptcy laws.

19.     On or about January 11, 2019, ERC sent Plaintiff a dunning letter. The redacted Dunning Letter is attached as Exhibit 4.

20.     ERC asserts a balance due of $314.22.

21.     ERC also asserts a right to report the debt to the credit reporting agencies.

22.     ERC states "[t]his is a debt collector attempting to collect a debt."

23.     ERC asserted an outstanding debt and legitimate right to collect, however no such right existed as the debt had been discharged in bankruptcy.

24.     Ms. Zeiss' goal in filing for bankruptcy was to obtain a financial fresh start.

25.     Congress enacted the bankruptcy laws in order to help people such as Ms. Zeiss achieve this financial fresh start. *See Local Loan Co. v Hunt*, 292 U.S. 234, 244 (1934) (stating "[o]ne of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.'").

26.     Defendants' continued misconduct has robbed Ms. Zeiss of her anticipated fresh start.

27.     Defendants' actions were not permitted by applicable law and violated the discharge injunction, the FDCPA, and the FCCPA.

28.     COMCAST is liable to Plaintiff for her actual damages, statutory damages, punitive damages and attorney fees and costs.

29.     ERC is liable to Plaintiff for her actual damages, statutory damages, and attorney fees and costs.

**COUNT I – COMCAST**

**VIOLATION OF DISCHARGE INJUNCTION – 11 U.S.C. §§ 105, 524, 707**

30.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 29 above.

31.     The "selling of accounts (discharged debts) to a third party collector is a deliberate act to collect on a discharged debt, and thus constitute[s] a willful violation of the discharge injunction." *See Laboy v. Firstbank P.R. (In re Laboy)*, 2010 Bankr. LEXIS 345 (Bankr. D.P.R. 2010).

32.     COMCAST received actual notice of the commencement of the Main Case.

33.     Despite notice of the bankruptcy, COMCAST violated the discharge injunction by referring or selling the discharged debt to ERC for the purposes of collection.

34.     Despite actual knowledge of the bankruptcy and in contravention of the discharge injunction, COMCAST continued to attempt to collect the discharged debt by selling or referring the debt to ERC.

35.     The discharge injunction is broad, intended to enjoin any act to collect a discharged debt. *See Wilson v. Chase*, 367 B.R. 478, 484.

36.     The actions of COMCAST were contemptuous and subject COMCAST to the civil contempt powers of this Court.

37.     The actions of COMCAST were willful as COMCAST received actual notice of the bankruptcy and intended the violative actions. *See In re Ramsey*, 432 B.R. 662 *Hardy v. I.R.S.*, 97 F.3d 1384 (11th Cir. 1996).

38.     To the extent COMCAST regularly sells or refers debts to ERC or other third parties for the purpose of collection, without any safeguards to avoid selling or referring discharged debt and thereby regularly violates the bankruptcy laws, the Court should assess punitive damages against COMCAST.

39.     In bringing this action for violation of the discharge injunction, Plaintiff has incurred attorney's fees and costs in addition to the injunctive relief allowed under 11 U.S.C. § 524. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 11 U.S.C. § 105 for the contemptuous violations of the discharge injunction by COMCAST.

## COUNT II – ERC

## VIOLATION OF DISCHARGE INJUNCTION – 11 U.S.C. §§ 105, 524, 707

40.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 29 above.

41.     ERC received actual notice of the commencement of the Main Case.

42.     Despite notice of the bankruptcy, ERC violated the discharge injunction by sending a dunning letter to Plaintiff.

43.     Despite actual knowledge of the bankruptcy and in contravention of the discharge injunction, ERC continued to attempt to collect the discharged debt.

44.     The discharge injunction is broad, intended to enjoin any act to collect a discharged debt. *See Wilson v. Chase*, 367 B.R. 478, 484.

45.     The actions of ERC were contemptuous and subject ERC to the civil contempt powers of this Court.

46.     The actions of ERC were willful as ERC received actual notice of the bankruptcy and intended the violative actions. *See In re Ramsey*, 432 B.R. 662 *Hardy v. I.R.S.*, 97 F.3d 1384 (11th Cir. 1996).

47.     In bringing this action for violation of the discharge injunction, Plaintiff has incurred attorney's fees and costs in addition to the injunctive relief allowed under 11 U.S.C. § 524. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 11 U.S.C. § 105 for the contemptuous violations of the discharge injunction by ERC.

## COUNT III – COMCAST

## FLORIDA CONSUMER COLLECTION PRACTICES ACT

48.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 29 above.

49.     The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person obligated to pay a consumer debt; and (3) Defendant is a "person" subject to liability for violating the prohibited practices outlined by FCCPA Section 559.72.

50.     COMCAST has violated the FCCPA. COMCAST's violations include, but are not limited to:

a.     COMCAST violated Florida Statute § 559.72(9) by asserting the existence of a legal right when COMCAST knew the right did not exist.

b.     COMCAST knew of the discharge and discharge injunction and yet asserted a right to collect by referring or selling the discharged debt to ERC.

51.     Pursuant to Florida Statute § 559.77, COMCAST is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

52.     Plaintiff is entitled to $1,000 in statutory damages per violation of the FCCPA, even if the separate violations arise from the same nucleus of operative facts. *See Kahmeyer v. Federal Credit Corporation*, 19 Fla. Weekly Supp. 1023c (Fla. 13th Cir. May 16, 2012).

53.     The FCCPA should be interpreted to offer greater protection to consumers than the corresponding federal law. Fla. Stat. § 559.552.

54.     The FCCPA provides for punitive damages under certain circumstances, specifically stating that the "court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Fla. Stat. § 559.77.

## COUNT IV – ERC

## FAIR DEBT COLLECTION PRACTICES ACT

55.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 29 above.

56.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that:

(1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. These four elements are met as follows:

i.       Plaintiff is a natural person and therefore meets the FDCPA definition of "consumer." 15 U.S.C. § 1692a(3).

ii.      The debt at issue stems from telephone service, which qualifies the debt as a consumer debt under the FDCPA. 15 U.S.C. § 1692a(5).

iii.     ERC meets the definition of a debt collector under the FDCPA as it regularly collects or attempts to collect debt owed or asserted to be owed to another. 15 U.S.C. § 1692a(6).

iv.      The violations of the FDCPA are outlined below.

57.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

58.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Plaintiff need not allege malicious intent to establish liability.

59.     ERC violated the FDCPA. Its violations include, but are not limited to, the following:

a.      ERC threatened to take action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5). By implicitly threatening further collection activity, ERC threatened

action that could not legally be taken given the Plaintiff's discharge, which enjoined further collection activity.

b.      ERC misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the dunning letter intimated that it would negatively report to the credit bureaus absent payment. Furthermore, ERC reflected an outstanding balance of $314.22, when in fact the balance of the debt was $0.

c.      By attempting to collect a discharged debt, ERC took action not permitted by applicable law in violation of 15 U.S.C. § 1692f(1).

d.      By failing to provide a conspicuous bankruptcy disclaimer and insinuating the debt was legally enforceable, ERC used false, deceptive or misleading means in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

60.      ERC violated multiple provisions of the FDCPA as outlined above. Accordingly, ERC is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

## COUNT V – ERC

## FLORIDA CONSUMER COLLECTION PRACTICES ACT

61.      The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 29 above.

62.      The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person obligated to pay a consumer debt; and (3) Defendant is a

"person" subject to liability for violating the prohibited practices outlined by FCCPA Section 559.72.

63.     ERC has violated the FCCPA. ERC's violations include, but are not limited to:

a.     ERC violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt is not legitimate or by asserting the existence of some other legal right when Defendant knew the right did not exist.

b.     ERC knew of the discharge and discharge injunction and yet continued to assert a balance of $314.22.

64.     Pursuant to Florida Statute § 559.77, ERC is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

65.     Plaintiff is entitled to $1,000 in statutory damages per violation of the FCCPA, even if the separate violations arise from the same nucleus of operative facts. *See Kahmeyer v. Federal Credit Corporation*, 19 Fla. Weekly Supp. 1023c (Fla. 13th Cir. May 16, 2012).

66.     The FCCPA should be interpreted to offer greater protection to consumers than the corresponding federal law. Fla. Stat. § 559.552.

67.     The FCCPA provides for punitive damages under certain circumstances, specifically stating that the "court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Fla. Stat. § 559.77.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays for:

1.  a declaratory judgment in favor of Ms. Zeiss finding Defendants willfully violated the above stated provisions of the discharge injunction, the FDCPA and the FCCPA;

2.  judgment in favor of Ms. Zeiss awarding actual damages, statutory damages and punitive damages;

3.  an award in favor of Ms. Zeiss equal to any and all attorney fees and costs associated with bringing this action;

4.  injunctive relief against Defendants to prevent future violations;

5.  to the extent Defendants have negatively reported the debt to the credit reporting agencies, require that Defendants take remedial action and pay damages for improperly reporting the debt since the initiation of the Main Case;

6.  any and all other relief that the Court deems necessary and just.

DATED this 8th day of February, 2019.

Law Offices of Mickler & Mickler

By: */s/ Taylor J. King*
     Taylor J. King
Florida Bar No. 72049
Attorney for Plaintiff(s)
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822 / FAX: 725-0855
tjking@planlaw.com

**EXHIBIT 1 – Relevant Pages of Schedule F**

Debtor 1    **Angela N Zeiss**

Case number *(if know)*

| 4.2 5 | **Credit Management, LP** | Last 4 digits of account number | **7124** | $311.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 118288**
**Carrollton, TX 75011**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**When was the debt incurred?**    **Opened 02/17**

**As of the date you file, the claim is: Check all that apply**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    **Collection Account - Comcast Cable**

| 4.2 6 | **Dept Of Ed/582/nelnet** | Last 4 digits of account number | **5561** | $5,915.00 |

Nonpriority Creditor's Name
**Attn: Claims/Bankruptcy**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**When was the debt incurred?**    **Opened 08/11  Last Active 2/28/18**

**As of the date you file, the claim is: Check all that apply**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☑ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify    **student loan**

| 4.2 7 | **Dept Of Ed/582/nelnet** | Last 4 digits of account number | **9974** | $2,131.00 |

Nonpriority Creditor's Name
**Attn: Claims/Bankruptcy**
**Po Box 82505**
**Lincoln, NE 68501**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**When was the debt incurred?**    **Opened 07/08  Last Active 2/28/18**

**As of the date you file, the claim is: Check all that apply**
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☑ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify    **student loan**

Debtor 1  **Angela N Zeiss**                                    Case number *(if know)*

---

| 4.5 2 | **Wells Fargo Bank** | Last 4 digits of account number | **8162** | **Unknown** |

Nonpriority Creditor's Name

**Po Box 5495**
**Portland, OR 97228-5445**

When was the debt incurred?    **Opened  2/11/14  Last Active 8/06/15**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **Secured Credit Card**

---

| 4.5 3 | **Westlake Financial Srvs** | Last 4 digits of account number | **0584** | **$16,960.00** |

Nonpriority Creditor's Name

**Customer Care**
**Po Box 76809**
**Los Angeles, CA 90054**

When was the debt incurred?    **Opened  2/17/13  Last Active 3/16/17**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **deficiency balance**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Bailey's Powerhouse Gym Inc.**
**P O Box 8762**
**Jacksonville, FL 32239**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.42** of (Check one):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Comcast**
**4600 Touchton Road E.**
**Suite 2500**
**Jacksonville, FL 32246**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.25** of (Check one):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Dale G. Westling**
**Attorney for Aspen Square Mg**
**331 E. Union St.**
**Jacksonville, FL 32202**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.10** of (Check one):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

On which entry in Part 1 or Part 2 did you list the original creditor?

**EXHIBIT 2 – Bankruptcy Noticing Center - Certificate of Mailing - March 25, 2018**

United States Bankruptcy Court
Middle District of Florida

In re:                                                              Case No. 18-00880-JAF
Angela N Zeiss                                                      Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-3        User: hjeff            Page 1 of 2         Date Rcvd: Mar 23, 2018
                           Form ID: 309A          Total Noticed: 60

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 25, 2018.
db             +Angela N Zeiss,   8335 Freedom Crossing Trail,   Apt. 3407,   Jacksonville, FL 32256-1204
tr              Aaron R. Cohen,   P.O. Box 4218,   Jacksonville, FL 32201-4218
27452305       +AMCOL Systems, Inc.,   Amcol Systems, Inc.,   Po Box 21625,   Columbia, SC 29221-1625
27452307       +AR Resources, Inc.,   Attn: Bankruptcy,   Po Box 1056,   Blue Bell, PA 19422-0287
27452308       +ARS/Account Resolution Spec,   Po Box 459079,   Sunrise, FL 33345-9079
27452309       +Aspen Square Management, Inc.,   380 Union Street,   Suite 300,   West Springfield, MA 01089-4129
27452310       +Bailey's Powerhouse Gym Inc.,   P O Box 8762,   Jacksonville, FL 32239-0762
27452311       +Baymeadows Partners LLC,   1 Sleiman Parkway,   Suite 270,   Jacksonville, FL 32216-8059
27452316      ++CHOICE RECOVERY INC,   1550 OLD HENDERSON ROAD,   STE 100,   COLUMBUS OH 43220-3662
                (address filed with court:  Choice Recovery Inc,   1550 Old Henderson Rd,   Ste  S100,
                Columus, OH 43220)
27452314       +Check Advance USA/net,   P O Box 181,   Batesland, SD 57716-0181
27452315       +ChexSystems,   100 N. Broadway,   Saint Louis, MO 63102-2728
27452319       +Dale G. Westling,   Attorney for Aspen Square Mg,   331 E. Union St.,
                Jacksonville, FL 32202-2795
27452321       +DeVry,   5200 Belfort Road, Se. 175,   Jacksonville, FL 32256-6040
27452322       +DriveTime,   1831 Cassat Avenue,   Jacksonville, FL 32210-1663
27452326        First Sun,   63018 San Juan Avenue,   Jacksonville, FL 32210
27452328       +Focus Receivables/UHaul,   1130 North Chase Road,   Suite 150,   Marietta, GA 30067-6429
27452329       +Go Financial,   7465 E Hampton Ave,   Mesa, AZ 85209-3328
27452330       +Greenberg Dental & Ortho,   9978 Old Baymeadows Road,   Jacksonville, FL 32256-7960
27452331       +Greenberg Dental Assoc.,   926 Great Pond Drive,   Suite 2002,
                Altamonte Springs, FL 32714-7699
27452333       +Jacksonville University,   2800 University Blvd. North,   Jacksonville, FL 32211-3394
27452334       +JacksonvilleEmergencyConsult,   Suite 150,   755 Rinehart Road,   Lake Mary, FL 32746-1556
27452335        Just Right Auto Sales,   1998 Iris Drive SW,   Conyers, GA 30094-5046
27452337       +LaPetite,   1140 Terex Road,   Hudson, OH 44236-3771
27452338        MBB Radiology,   P O Box 116700,   Atlanta, GA 30368-6700
27452341       +MG Credit,   5115 San Juan Ave,   Jacksonville, FL 32210-3137
27452339       +Medicredit Inc.,   Po Box 1629,   Maryland Heights, MO 63043-0629
27452340       +Memorial Hospital Jax,   3625 University Blvd. S.,   Jacksonville, FL 32216-4222
27452342       +Militaryloans.com,   Omni Loans,   Po Box 44215,   Las Vegas, NV 89116-2215
27452343       +Mitchell Sellers Ritchie,   Attorney for Baymeadows Part,   2720 Park St., Ste 219,
                Jacksonville, FL 32205-7645
27452344       +National Credit System,   3750 Naturally Fresh Blvd,   Atlanta, GA 30349-2964
27452346        Paragon Emergency Svcs. LLC,   P O Box 740022,   Cincinnati, OH 45274-0022
27452347       +Pro. Debt Mediation,   7948 Baymeadows Way,   2nd Floor,   Jacksonville, FL 32256-8539
27452349       +Public Storage,   8523 Baymeadows Road,   Jacksonville, FL 32256-7421
27452350       +Sigma Solutions,   2150 S. 1300 E. #500,   Salt Lake City, UT 84106-4375
27452353        UF Health Physicians,   P O Box 44008,   Jacksonville, FL 32231-4008
27452354       +Usautocredt,   Po Box 7570,   Jacksonville, FL 32238-0570
27452355       +Vue at Baymeadows,   8335 Freedom Crossing Trail,   Jacksonville, FL 32256-1204
27452356        Wells Fargo Bank,   Po Box 5495,   Portland, OR 97228-5445
27452358       +Wolfson's Childrens Hospital,   800 Prudential Drive,   Jacksonville, FL 32207-8211

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: tjking@planlaw.com Mar 23 2018 22:29:12    Taylor J King,
                Law Offices of Mickler & Mickler,   5452 Arlington Expressway,   Jacksonville, FL 32211
ust             E-mail/Text: ustp.region21.or.ecf@usdoj.gov Mar 23 2018 22:29:42
                United States Trustee - JAX 13/7,   Office of the United States Trustee,
                George C Young Federal Building,   400 West Washington Street, Suite 1100,
                Orlando, FL 32801-2210
27452306        E-mail/Text: ebn@americollect.com Mar 23 2018 22:29:56    Americollect Inc,   Po Box 1566,
                1851 S Alverno Rd,   Manitowoc, WI 54221
27452304       +Fax: 864-336-7400 Mar 23 2018 23:21:15    Advance America,   5230 Baymeadows Road,   Suite 5,
                Jacksonville, FL 32217-4861
27452312       +EDI: CAPIO.COM Mar 24 2018 02:24:00    Capio Partners Llc,   2222 Texoma Pkwy Ste 150,
                Sherman, TX 75090-2481
27452313       +EDI: CAPITALONE.COM Mar 24 2018 02:23:00    Capital One,
                Attn: General Correspondence/Bankruptcy,   Po Box 30285,   Salt Lake City, UT 84130-0285
27452317       +E-mail/Text: CBNBSR_Bankruptcy@cable.comcast.com Mar 23 2018 22:30:03    Comcast,
                4600 Touchton Road E.,   Suite 2500,   Jacksonville, FL 32246-4402
27452318       +EDI: CMIGROUP.COM Mar 24 2018 02:23:00    Credit Management, LP,   Attn: Bankruptcy,
                Po Box 118288,   Carrollton, TX 75011-8288
27452320       +E-mail/Text: electronicbkydocs@nelnet.net Mar 23 2018 22:29:53    Dept Of Ed/582/nelnet,
                Attn: Claims/Bankruptcy,   Po Box 82505,   Lincoln, NE 68501-2505
27452323       +EDI: DVTM.COM Mar 24 2018 02:23:00    DriveTime,   7300 E Hampton Ave.,   Suite 101,
                Mesa, AZ 85209-3324
27452302        E-mail/Text: taxdept@coj.net Mar 23 2018 22:30:12    Duval County Tax Collector,
                231 Forsyth St. #130,   Jacksonville FL 32202-3380
27452324       +E-mail/Text: PBA_Legal@duvasawko.com Mar 23 2018 22:30:14    Emergency Resources Group,
                PO Box 11349,   Daytona Beach, FL 32120-1349
27452325       +E-mail/Text: bknotice@ercbpo.com Mar 23 2018 22:29:54    Enhanced Recovery Co LLC,
                for T-Mobile,   8014 Bayberry Rd,   Jacksonville, FL 32256-7412

```
District/off: 113A-3          User: hjeff              Page 2 of 2          Date Rcvd: Mar 23, 2018
                              Form ID: 309A            Total Noticed: 60
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
27452327        +E-mail/Text: bankruptcy@flagshipcredit.com Mar 23 2018 22:29:58      Flagship Credit Acceptance,
                 Po Box 965,    Chadds Ford, PA 19317-0643
27452303         EDI: FLDEPREV.COM Mar 24 2018 02:23:00      Florida Dept. of Revenue,    Bankruptcy Unit,
                 P.O. Box 6668,    Tallahassee, FL 32314-6668
27452332         EDI: IRS.COM Mar 24 2018 02:23:00      IRS,    400 W. Bay St.,    Jacksonville, FL 32202
27452345        +E-mail/Text: electronicbkydocs@nelnet.net Mar 23 2018 22:29:53      Nelnet Loans,
                 Nelnet Claims,    Po Box 82505,    Lincoln, NE 68501-2505
27452348        +E-mail/Text: bankruptcy@progfinance.com Mar 23 2018 22:29:55      Progressive Leasing,
                 256 W. Data Drive,    Draper, UT 84020-2315
27452351        +EDI: SWCR.COM Mar 24 2018 02:23:00      Southwest Credit Systems,    4120 International Parkway,
                 Suite 1100,    Carrollton, TX 75007-1958
27452352         EDI: AISTMBL.COM Mar 24 2018 02:23:00      T-Mobile,    12920 SE 38th Street,
                 Bellevue, WA 98006
27452357        +E-mail/Text: bankruptcynotice@westlakefinancial.com Mar 23 2018 22:29:51
                 Westlake Financial Srvs,    Customer Care,    Po Box 76809,    Los Angeles, CA 90076-0809
                                                                                          TOTAL: 21


               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
27452336         Landlord
                                                                        TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 23, 2018 at the address(es) listed below:
```
              Aaron R. Cohen    acohen60@bellsouth.net,   vnhemingway@outlook.com,ahc@trustesolutions.net
              Taylor J King    on behalf of Debtor Angela N Zeiss tjking@planlaw.com,  bkmickler@planlaw.com,
               cmickler@planlaw.com,mmiller@planlaw.com,court@planlaw.com
              United States Trustee - JAX 13/7    USTP.Region21.OR.ECF@usdoj.gov
                                                                              TOTAL: 3
```

| Information to identify the case: | | |
|---|---|---|
| **Debtor 1** | **Angela N Zeiss** | Social Security number or ITIN   **xxx–xx–2354** |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| **Debtor 2**<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | Date case filed for chapter **7**   **3/22/18** |
| Case number:   **3:18–bk–00880–JAF** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline    12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Angela N Zeiss | | |
| 2. | **All other names used in the last 8 years** | | | |
| 3. | **Address** | 8335 Freedom Crossing Trail<br>Apt. 3407<br>Jacksonville, FL 32256 | | |
| 4. | **Debtor's attorney**<br>Name and address | Taylor J King<br>Law Offices of Mickler & Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211 | | Contact phone 904–725–0822<br>Email:  tjking@planlaw.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Aaron R. Cohen<br>P.O. Box 4218<br>Jacksonville, FL 32201–4218 | | Contact phone 904–389–7277 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**    page 1

Debtor  **Angela N Zeiss**                                                    Case number **3:18–bk–00880–JAF**

---

| 6. | **Bankruptcy Clerk's Office** | 300 North Hogan Street Suite 3–150<br>Jacksonville, FL 32202 | Hours open:<br>Monday – Friday 8:30 AM –<br>4:00PM |
|---|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | | Contact phone 904–301–6490<br><br>Date: March 23, 2018 |

---

| 7. | **Meeting of creditors** | **May 3, 2018 at 01:00 PM** | Location: |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**\*\*\* Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. \*\*\*** | **FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202** |

---

| 8. | **Presumption of abuse** | The presumption of abuse does not arise. |
|---|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

---

| 9. | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: July 2, 2018** |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

---

| 10. | **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|---|
| | Please do not file a proof of claim unless you receive a notice to do so. | |

---

| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|

---

| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|---|

---

| 13. | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day |
|---|---|---|

except when routine maintenance is performed. To access McVCIS toll free call
1−866−222−8029.

**EXHIBIT 3 – Discharge dated July 3, 2018**

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Angela N Zeiss** | Social Security number or ITIN  **xxx–xx–2354** |
| | First Name    Middle Name    Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | |
| Case number:   **3:18–bk–00880–JAF** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Angela N Zeiss

Dated: July 3, 2018

Jerry A. Funk
United States Bankruptcy Judge

---

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318 **Order of Discharge** page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

**EXHIBIT 4 – ERC Dunning Letter dated January 11, 2019**



January 11, 2019

| | |
|---|---|
| **Creditor:** | Comcast Cable Communications, LLC |
| **Original Creditor:** | Comcast Cable Communications, LLC |
| **Account Number:** | 8495741212713857 |
| **Amount of Debt:** | $314.22 |
| **Reference Number:** | 203674856 |

Collection Notice

ANGELA ZEISS

Our records indicate that you have an outstanding balance with Comcast Cable Communications, LLC; therefore your account has been placed with ERC® for collection efforts.

Upon receipt and clearance of $314.22, your account will be satisfied.

ERC® has been authorized to report this debt to credit reporting agencies.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

 For self-service options, please visit our website at www.ercbpo.com/help.

 Telephone: (800) 496-8918 Toll Free. All calls are recorded and may be monitored for training purposes.

 Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

 Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

 **This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Nothing in this letter overrides, withdraws, or overshadows your right to dispute the debt.**

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.



**Federal Notice:**

~uant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

**Tennessee Residents:**

This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Minnesota Residents:**

This Collection Agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:**

North Carolina Department of Insurance Permit Number: 103967.

**Utah Residents:**

As required by Utah Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado Residents:**

For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car or any successor web address.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 7200 S. Alton Way, Suite B180, Centennial, CO 80112, (303) 309-3839.

**Our Corporate Information is:**

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256

**California Residents:**

1. The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

2. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Massachusetts Residents:**

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector. If you wish to discuss this matter, please call us direct, between the hours of 8 AM and 5 PM EST, at the telephone number listed on the front of this notice. Local Address: 49 Winter Street, Weymouth, MA 02188.